IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DAVID NA'IM, )
      Plaintiff, )
v. ) No. 3:17-CV-1689-L
)
JUDGE CINDY ERMATINGER, ET AL., )
      Defendants. )

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

### I. Parties

Plaintiff is confined in the Wayne McCollum Detention Center. He filed this complaint pursuant to 42 U.S.C. § 1983. Defendants are Judge Cindy Ermatinger, Judge Bob Carroll, and Lt. Tommie Eberhart. Plaintiff is proceeding *pro se*, and the Court has granted him permission to proceed *in forma pauperis*.

### II. Background

Plaintiff states Defendants Judge Ermatinger and Judge Carroll enacted a policy that prohibits inmates from accessing the law library unless the inmates are proceeding *pro se* in their criminal cases. Plaintiff states Lt. Eberhart is enforcing the policy, and that as a result, he has no access to the law library. Plaintiff seeks a change in this policy so that he can access the law library. He also requests that the law library carry newspapers, civil rights forms, and more

**Findings and Conclusions of the**
**United States Magistrate Judge**    Page -1-

books.

## III. Screening

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555.

## IV. Discussion

Prisoners have a First Amendment right of meaningful access to the courts through adequate law libraries or assistance from legally trained personnel. *Bounds v. Smith*, 430 U.S. 817, 828 (1977); *Dickinson v. TX, Fort Bend County*, 325 Fed. Appx. 389, 2009 WL 1407935 at *1 (5th Cir. 2009). However, "[w]hile the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court." *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993).

**Findings and Conclusions of the
United States Magistrate Judge**          Page -2-

To state a claim that his constitutional right of access to the courts was violated, a plaintiff must show he was actually prejudiced. *Lewis v. Casey*, 518 U.S. 343, 349-51 (1996). The plaintiff must identify a nonfrivolous, arguable underlying claim that he has been unable to pursue. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (citing *Lewis v. Casey*, 518 U.S. at 353). Plaintiff has failed to allege he was prejudiced in his ability to challenge the charges in his criminal case, or to file this civil rights complaint. Additionally, there is no constitutional right to receive newspapers. Plaintiff's complaint should be dismissed.

## V. Recommendation

The Court recommends that Plaintiff's complaint be dismissed with prejudice as frivolous under 19 U.S.C. §§ 1915A and 1915(e).

Signed this 16 day of August, 2017.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**Findings and Conclusions of the**
**United States Magistrate Judge**     Page -4-